UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Kari Lynn Kuechenmeister,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 06-181(1) ADM/RLE
Civil No. 07-1095 ADM

_____

Nicole A. Engisch, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Kari Lynn Kuechenmeister, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Kari Lynn Kuechenmeister's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion") [Docket No. 22].[1]  For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND

On July 26, 2006, Defendant pled guilty to bank fraud in violation of 18 U.S.C. § 1344, 2.  Plea Agreement [Docket No. 13].  On November 17, 2006, this Court sentenced Defendant to a term of imprisonment of 20 months.  Judgment [Docket No. 20] at 2.  Defendant did not appeal.  On January 31, 2007, Defendant filed the instant Motion.  Defendant asserts, without elaboration, that she believes her attorney "was ineffective because he did not present mitigating evidence."  Motion at 5.

---

[1] All docket references are to Criminal No. 06-181(1).

### III. DISCUSSION

A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

To prevail on an ineffective assistance claim, a prisoner must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Here, Defendant's vague and conclusory allegation fails as a matter of law to raise a claim of ineffective assistance of counsel. Defendant fails to identify the mitigating evidence she believes her counsel overlooked. Further, Defendant does not allege that her plea or her sentence would have been different had the mitigating evidence been presented. Therefore, Defendant's  § 2255 Motion must be denied. However, Defendant is granted three weeks from the date of this Order to file an amended § 2255 motion to remedy the deficiencies discussed above.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 22] is **DENIED**.  Defendant may file an amended § 2255 motion on or before April 23, 2007.

BY THE COURT:


　　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 2, 2007.